

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 13, 1939

Honorable T. L. Trimble
First Assistant State Superintendent
Austin, Texas

Dear Sir:

Opinion No. 0-593

Re: Under the statutes applicable
to Kyle Independent School
District, should the govern-
ing body thereof be composed
of three or seven trustees.

Under date of April 4, 1939, you submitted a request for
an opinion upon the above matter, based upon the following letter
to you from Mr. James L. Childs, Superintendent of Schools of
Kyle, Texas:

"Reference is here made to the following Acts, bear-
ing upon our Independent School District of Kyle, which,
so far as we know, are all the laws that have been passed
governing the same:

Acts, 33rd Legislature, Reg. Session, pages 572-74;
Acts, 36th Legislature, 2nd Called Session, page 91;and
Acts, 38th Legislature, 2nd Called Session, page 489.

Somehow, we are today operating with seven trustees, without
any trustees or citizens of the community knowing how and
why we changed from three to seven trustees. We want to
know whether the Kyle Independent School District should
operate with three or seven trustees?"

In 1913, Kyle Independent School District was created by
a Special Act of the Regular Session, 33rd Legislature, appearing
in Ch. 146, pp. 572-574 of such Acts, and being H. B. No. 899.
Section 1 of this Act creates and establishes an incorporation for
school purposes only, under the name of Kyle Independent School
District, describing same by metes and bounds. Section 2 of said
Act provided, substantially, that said Independent School District
should be vested with all the rights, powers, privileges and
duties conferred and imposed, by the general laws of this State,

upon the trustees of independ nt school districts created and organized for school purposes only, under the general laws of the State. Section 3 of the Act provides that Kyle Independent School District should assume the payment of outstanding school-house bonds theretofore issued by the common school district included within the boundaries of the newly created district. The last section of this Act, Section 4, bears more directly upon the instant inquiry, and we accordingly quote same in full:

"Sec. 4. The control and management of the school of the said Kyle Independent School District is hereby vested in a board of three trustees to be elected on the first Saturday in April of each year, in accordance with the law governing the elections of school trustees in common school districts; provided, that this Act shall not affect the tenure of office of any trustee now serving as trustee of Common School District No. 4, but that said trustee shall serve as school trustee of the Kyle Independent School District; provided further, that the school trustee election for April, 1913, shall be held in accordance with the election order given by the county judge of Hays county."

House Bill No. 92, Chapter 35, Local and Special Laws, 2nd Called Session, 36th Legislature, amends Section 2 of Chapter 146, Special Laws, Regular Session, 33rd Legislature, as follows:

"Sec. 2. The said Kyle Independent School District is hereby vested with all powers, privileges, and duties of an independent school district organized under the general laws of this State."

Again, in 1923, the Legislature of Texas amended Section 2 of Chapter 146, Special Laws, Regular Session, 33rd Legislature, as amended by the 36th Legislature, Regular Session, Chapter 35, Local and Special Laws, by enacting House Bill No. 128, Chapter 35, Special Laws, 38th Legislature, reading as follows:

"Section 2. The said Kyle Independent School District is hereby vested with all powers and privileges and duties of an independent school district, organized under the General Laws of this State, and it is herein specifically provided that the said Kyle Independent School District is exempted from the supervision of the county superintendent and county school board and subject only to the supervision of the State Superintendent of Public Instruction and the State Board of Education, as prescribed by the General Laws of this State."

Hon. T. L. Trimble, April 13, 1939, Page 3

It will be noted that these Acts of the 36th Legislature in 1919, and the 38th Legislature in 1923, amendatory of the original Act creating and establishing Kyle Independent School District, enacted by the 33rd Legislature in 1913, left untouched Section 4, of said Act, vesting the control and management of said Independent School District in a board of three trustees. Said two amending statutes did not affect or amend any section of the original enactment except section two with which we are not concerned for purposes of this opinion.

But despite the fact that Section 4 of the Act creating and establishing Kyle Independent School District, and vesting the control and management thereof in a board of three trustees, has come forward unaltered by the amending statutes adverted to, it appears that said Independent School District is now governed by a board of seven trustees, presumably under the general school laws enacted by the Legislature in 1905, and particularly section 162 thereof, (VACS Art. 2775), providing for the election of seven trustees as the governing body of independent school districts. In this state of the record the question squarely presented is whether or not the special statute creating Kyle Independent School District, or the general statutes applicable to all independent school districts in Texas, shall determine the number of trustees for such school district.

The special act of the Legislature which created and established Kyle Independent School District in 1913 (Ch. 146, Special Laws, 33rd Legislature, hereinabove referred to), was, at the time of its enactment, a valid and constitutional statute, because Article 7, Section 3, Constitution of Texas, prior to its amendment in November, 1926, provided that the Legislature has authority to form school districts either by general or special law. The amendment of Article 7, Section 3, Constitution of Texas, becoming effective January 20, 1927, and providing that the Legislature of Texas could create school districts by general law only, would not retroactively affect and invalidate the special Act of 1913 creating the Independent School District under consideration. The effect of the Amendment is to deprive the Legislature of further and future authority to create independent districts by special acts, but because neither this Amendment, nor any statute enacted by the Legislature since, attempted to modify or destroy independent school districts previously created by special act, the Kyle Independent School District will be governed by the pertinent provisions of the special act of its creation, unless this Act is controlled by the provisions of Chapter 124, General Laws, 1st and 2nd called sessions, 29th Legislature, the general statute governing independent school districts, effective long prior to this special act.



Hon. T. L. Trimble, April 13, 1939, Page 4

Upon this point, it is established by the authorities in Texas that the enactment of a general law by the Legislature relating to independent school districts did not exhaust the Legislature's power (of course, prior to the amendment of 1926 hereinabove referred) to create independent school districts by special act and regulate their affairs thereby. Cain v. Lumsden, 204 S. W. 115, Frass v. Darrouzett Independent School District, 277 S. W. 751; Smith v. Morton Independent School District, 85 S. W. (2) 853.

The case of Smith v. Morton Independent School District, supra, might be called a "fact" case, because, like the instant case, it turned upon a special act of the Legislature creating an independent school district and providing for a governing board of three trustees. The facts show that seven trustees were elected to govern this independent school district under Article 2775, Vernon's Annotated Civil Statutes, the general statute governing such matters, and the validity of such election came on for consideration by the court. It is easy to draw a parallel between the case cited and the fact situation under consideration here. The court held that this statute, which was part of the general school laws, and which provided for the election of seven school district trustees, had no application to a school district created by special act, as the Legislature had the right to limit the number of trustees to three.

From these well-considered authorities, the conclusion is inescapable that Section 4, Chapter 146, Special Laws, Regular Session, 33rd Legislature, vesting the control and management of Kyle Independent School District in a board of three trustees, is, at this writing, of controlling effect, in accordance with the terms of its original enactment in 1913, and the present control and management of Kyle Independent School District by a board of seven trustees is not warranted or authorized by any statute or statutes which our research has discovered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Pat M. Neff, Jr.
Assistant

PMN:N

APPROVED

ATTORNEY GENERAL OF TEXAS